UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-04-GWU

JOYCE COFFEY,                                                                    PLAINTIFF,


VS.                                    **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.


## INTRODUCTION

The plaintiff brought this action to obtain judicial review, pursuant to the provisions of the Social Security Act, of an administrative decision of the Commissioner of Social Security; at issue is the denial of her applications for Disability Insurance Benefits (DIB) and for Disabled Widow's Insurance Benefits (WIB).[1]  The case is currently before the Court on cross-motions for summary judgment.

## LAW APPLICABLE TO WIDOW'S INSURANCE BENEFITS

The medical evidence relating to such widow's insurance benefits claims filed on or after January 1, 1991, or applications pending on or after that date, are to be evaluated under the same standards as are applied to other Title II disability claims.

---

[1]The ALJ failed to note the WIB application in the text of his decision.  (Tr. 19). However, the plaintiff filed one on August 20, 2003 (Tr. 483-485) and this application was noted at the administrative hearing (Tr. 503).

07-04 Coffey

Omnibus Budget Reconciliation Act (OBRA) of 1990, Pub. L. No. 101-508, Section

5103. Accordingly, a review of the principles applicable to judicial review of these

other claims is necessary.

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Disability Insurance Benefits or Supplemental Security Income benefit

cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. Section 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. Section 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. Section 404.1520)c), 404,1521, 416.920©), 461.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. Section 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Section Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See

2

07-04  Coffey

> 20 C.F.R. Sections 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?
>
> If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. Section 404.1520(e), 416.920(e).
>
> 7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work-- i.e., any other substantial gainful activity which exists in the national economy?   If yes, the claimant is not disabled.   See 20 C.F.R. Section 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating

07-04 Coffey

physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656, (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. If there is objective medical evidence of a medical condition, the court must determine if (1) objective evidence confirms the severity of the alleged pain arising from the condition, or (2) the objectively-established medical condition is of such severity that it can reasonably be expected to produce disabling pain. McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002 (6th Cir. 1988).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would

4

07-04 Coffey

have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. Section 416.965(a) and 20 C.F.R. Section 404.1563 provide that an individual with only off-and-one work experience is considered to have had no work experience at all. Thus, jobs held for only a brief

07-04 Coffey

tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Section Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. Section 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. Section 404.1567(a), 416.967(a).

07-04 Coffey

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Section Part 404, Subpart P. Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Coffey, a 54 year-old former clerk with a high school education, suffered from impairments related to fibromyalgia, coronary artery disease, depression, and anxiety. (Tr. 19-20). Despite the plaintiff's impairments, the ALJ determined that she retained the residual

07-04  Coffey

functional capacity to perform a restricted range of light level work.  (Tr. 25).  Since the claimant would be able to return to her past relevant work, she could not be considered totally disabled.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Coffey could return to her past relevant work, the ALJ relied heavily upon the information provided by Vocational Expert Dean Owen.  The hypothetical question presented by the ALJ included an exertional limitation to medium level work along with such non-exertional restrictions as a "moderately limited" ability to carry out detailed instructions, to maintain attention and concentration for extended time periods, and to respond to changes in the work setting.  (Tr. 526).  The individual was also noted to retain the ability to perform simple repetitive tasks in a simple routine setting.  (Id.).  In response, the witness testified that such a person would be able to perform Coffey's past relevant work as a weigher and measurer which had previously been described by the expert as having been sedentary in exertion and unskilled.  (Tr. 525-526).  Owen also identified a significant number of light and sedentary level jobs which would provide an alternative ground to support the administrative decision.[2]  (Tr. 526-527).

---

[2]The ALJ ultimately found that the plaintiff was restricted to light level work.  (Tr. 25).

8

07-04  Coffey

Therefore, assuming that the vocational factors considered by Owen fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to Coffey's physical condition, Dr. Bal Bansal, a treating source, opined that she should avoid "excessive" lifting, bending, and stooping.  (Tr. 338). The plaintiff indicated on the Disability Report that her past job had not required her to stoop, kneel, crouch, or crawl and to lift regularly.  (Tr. 70).  Thus, Dr. Bansal's restrictions would not preclude this position.[3]  Both Dr. James Ramsey (Tr. 218-219), and Dr. Jorge Baez-Garcia (Tr. 315), the non-examining medical reviewers, opined that the claimant's physical problems were "less than severe."  Such treating and examining sources as the staff at King's Daughters' Medical Center (Tr. 162-186), Dr. Bryan Rogers (Tr. 187-203), the staff at the St. Claire Medical Center (Tr. 204-208, 453-482), the staff at Our Lady of Bellefonte Hospital (Tr. 209-217), the staff at the Elliott Community Clinic (Tr. 245-314), and the staff at the Highlands Regional Medical Center (Tr. 400-430) did not report the existence of more severe physical limitations than those found by the ALJ.  Therefore, these reports provide substantial evidence to support the administrative decision.

---

[3]Social Security Ruling 85-15 indicates that as long as one can perform stooping and bending on at least an occasional basis, then the full range of light and sedentary level jobs would remain.  Thus, these restrictions would not preclude the alternative jobs cited by the vocational expert.

07-04  Coffey

Dr. Bansal also stated that Coffey would be totally disabled.  (Tr. 339).

However, as noted by the ALJ, this was a conclusory opinion unsupported by the

doctor's own findings as well as contradicted by his own specific limitations and, so,

was not binding.  (Tr. 23).  Furthermore, the plaintiff has not raised the ALJ's

rejection of this disability opinion as an issue.  Therefore, the undersigned finds no

error.

The ALJ dealt properly with the evidence of record relating to Coffey's mental

status.  Psychologist Stuart Cooke examined the plaintiff and diagnosed major

depression. (Tr. 224).  Cook rated her Global Assessment of Functioning (GAF) at

55.  (Id.).  Such a GAF suggests the existence of "moderate" psychological

symptoms according to the American Psychiatric Association's Diagnostic and

Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.   The

examiner indicated that the claimant would have a "fair" ability to maintain attention

and concentration as well as tolerate the stress and pressures of work activity.  (Tr.

225).  The mental factors of the hypothetical question appear essentially consistent

with this opinion and Coffey has not argued that the ALJ erred in dealing with this

opinion.  Therefore, this evidence supports the administrative decision.

The mental factors found by the ALJ were fully compatible with those

identified by Psychologists Jay Athy (Tr. 226-228) and Lea Perritt (Tr. 316-318), the

non-examining medical reviewers.   Thus, this evidence also supports the

administrative decision.

07-04  Coffey

Coffey notes that her treating source at Pathways, Inc. identified a number of very severe mental limitations including "marked" restrictions in such areas as job/school performance, activities of daily living, concentrating, controlling one's temper, and finances.  (Tr. 446).  She asserts that these were not properly considered by the ALJ.  As noted by the defendant, these restrictions were the opinion of Joyce Lewis, a staff clinician, rather than Dr. Hassan, the staff psychiatrist.  (Tr. 446-447).  Under the federal regulations at 20 C.F.R. Section 404.1513, Lewis would not be considered an "acceptable medical source" whose opinion would be binding on the administration.  Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir. 1997).  The ALJ did not cite reasons why this opinion was rejected, as Social Security Ruling 06-3p now indicates is appropriate when a "medical source" who is not an "acceptable medical source" issues an opinion.  However, this Social Security Ruling did not become effective until August 9, 2006, well before the ALJ issued his decision in this action on February 6, 2006. The Sixth Circuit Court of Appeals indicated in the recent case of Cruse v. Commissioner of Social Security, __ F.3d __, 2007 WL 2752888 (6th Cir. Sept. 27, 2007) that this Ruling did not have a retroactive effect.  The Court notes that Dr. Hassan, the treating psychiatrist and an "acceptable medical source," only identified a GAF of 60, suggesting the existence of "moderate" mental limitations compatible with the ALJ's findings.  Thus, his GAF is contradictory to the clinician's restrictions

07-04  Coffey

and actually supports the administrative decision.   Therefore, under these circumstances, any error is harmless.

The Court notes that Coffey submitted additional medical evidence directly to the Appeals Council which was never seen by the ALJ.  (Tr. 495-499).  This action raises an issue concerning a remand for the taking of new evidence before the Commissioner.  <u>Cotton v. Sullivan</u>, 2 F.3d 692 (6th Cir. 1993).  A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. Section 405(g).  In the present action, the plaintiff has failed to adduce arguments as to why such a remand would be required.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 7th day of November, 2007.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

12